### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| CITY BARBEQUE, LLC | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-01016 |
| OHIO CITY BBQ, INC.; NAVDIP SINGH; TARNJIT SINGH; CHRIS ABATSAS; TAMMY JACOBS; JOHN DOE (YELP USER "JOSH M.") | **JURY TRIAL DEMANDED** |
| Defendant. | |

### FIRST AMENDED COMPLAINT FOR
### PERMANENT INJUNCTION AND DAMAGES

For its First Amended Complaint against Defendants Ohio City BBQ, Inc. ("Ohio City BBQ"), Navdip Singh, Tarnjit Singh, Chris Abatsas, Tammy Jacobs, and John Doe (Yelp User "Josh M.") (collectively, "Defendants"); Plaintiff, City Barbeque, LLC ("City Barbeque" or "Plaintiff"), states as follows:

### INTRODUCTION

City Barbeque is the owner of the trade name and service mark CITY BARBEQUE®, which name and mark City Barbeque has used in connection with City Barbeque's restaurant services since at least as early as August 17, 1999. City Barbeque currently operates restaurants throughout the Midwest and parts of the Southern United States, including in the Cleveland, Ohio area. In or around March 2018, Ohio City BBQ opened a restaurant in Cleveland, Ohio called "Ohio City BBQ." Due to Ohio City BBQ's use of a highly similar mark to that of Plaintiff, City Barbeque repeatedly sought to work with Ohio City BBQ and its operators to avoid the possibility of consumer confusion between the organizations and the source of their respective goods and/or

services.  Despite multiple good-faith efforts by Plaintiff, Ohio City BBQ refused to take any steps to avoid and ameliorate the inevitable consumer confusion between Plaintiff's brand and Defendant's name.  After leaving City Barbeque no choice but to file this lawsuit to protect its registered marks and trade name, numerous individuals associated with Ohio City BBQ coordinated an online campaign to defame City Barbeque in the eyes of its customers and potential customers by posting and/or encouraging others to post false, negative reviews on platforms such as Yelp and Google Reviews.

Ohio City BBQ's conduct has unlawfully defamed and unfairly damaged and limited City Barbeque's rights in its trade name and service mark.  As the owner of registered marks and the holder of rights to its trade name, City Barbeque seeks damages and injunctive relief to enjoin Ohio City BBQ's wrongful use of City Barbeque's trade name and mark and to prevent individuals associated with Ohio City BBQ from posting any further false and defamatory reviews of City Barbeque for pursuing its legal rights.

## NATURE OF THE ACTION

1.      This action arises from Ohio City BBQ's trademark infringement caused by Ohio City BBQ's unauthorized use of Plaintiff's trademark rights in and to the CITY BARBEQUE® trade name and mark.

2.      Ohio City BBQ's use of the term "City BBQ" in connection with its restaurant services has and is confusing consumers concerning the source of goods and/or services offered by City Barbeque and Ohio City BBQ.

3.      Despite actual notice of Plaintiff's rights and the actual confusion caused by Ohio City BBQ's infringing tradename, Defendants Ohio City BBQ, Navdip Singh, Tarnjit Singh, and Chris Abatsas have persisted in their unlawful infringement.

4.      Further, Defendants have conspired to defame and have actually defamed City Barbeque for pursuing its legal rights in this Court.

5.      Plaintiff asserts unfair competition and trademark infringement claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and Ohio state and common law.

6.      Plaintiff also asserts common law defamation claims.

## THE PARTIES

7.      Plaintiff City Barbeque is a limited liability company organized and existing under the laws of the State of Ohio with a principal business address of 5560 Courage Drive New Albany, Ohio 43054.

8.      City Barbeque has been operating barbeque restaurants for over two decades and currently operates over fifty restaurants across the Midwestern and Southern United States, including twenty-two restaurants in the State of Ohio.

9.      Upon information and belief, Defendant Ohio City BBQ is a corporation organized and existing under the laws of the State of Ohio with a principal business address of 3820 Lorain Avenue, Cleveland, Ohio 44113.

10.      Upon information and belief, Ohio City BBQ operates a single restaurant at 3829 Lorain Avenue, Cleveland, Ohio 44113.

11.      Upon information and belief, Defendant Navdip Singh is an owner of Ohio City BBQ who resides at 2136 Tucks Trak, Cleveland, Ohio 44102.

12.       Upon information and belief, Defendant Tarnjit Singh is the brother and business partner of Navdip Singh and resides at 5703 Burrell Drive, Sheffield Village, Ohio 44054.

13.      Upon information and belief, Defendant Chris Abatsas is the business partner of Navdip and Tarnjit Singh and resides at 3930 Colorado Avenue, Avon, Ohio 44011.

14.     Upon information and belief, Defendant Tammy Jacobs is an employee of Ohio City BBQ who resides with her husband Edward Jacobs, the head "pitmaster" at Ohio City BBQ, at 14207 Parkdale Avenue, Cleveland, Ohio 44111.

15.     Upon information and belief, Defendant John Doe is an individual who posts Yelp reviews using the alias "Josh M."

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over the claims asserted in this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b).

17.     This Court also has jurisdiction over the related state and common law claims pursuant to at least 28 U.S.C. § 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367.

18.     This Court has personal jurisdiction over Ohio City BBQ because, upon information and belief, Ohio City BBQ is incorporated in this State, Ohio City BBQ is authorized to transact and regularly transacts business in this State and District, and Ohio City BBQ engages in other systematic and continuous contacts in this State and District.

19.     This Court has personal jurisdiction over Navdip Singh because he is domiciled in this State.

20.     This Court has personal jurisdiction over Tarnjit Singh because he is domiciled in this State.

21.     This Court has personal jurisdiction over Chris Abatsas because he is domiciled in this State.

22.     This Court has personal jurisdiction over Tammy Jacobs because she is domiciled in this State.

4

23. This Court has personal jurisdiction over John Doe (Yelp User "Josh M.") because he willfully and intentionally directed his conduct toward the State of Ohio by posting defamatory reviews of seven City Barbeque locations within Ohio knowing that City Barbeque would suffer harm in the State of Ohio as a result of such conduct.

24. Further, upon information and belief, Defendants have committed acts of trademark infringement, unfair competition, defamation, and civil conspiracy in this State and District that have caused harm to Plaintiff here.

25. Venue is proper in this District and Division pursuant to at least 28 U.S.C. §§ 1391(b)(1)-(2) and 1391(c)(2).

## FACTUAL BACKGROUND

### The CITY BARBEQUE® Brand

26. City Barbeque was founded by Rick Malir in Columbus, Ohio in 1999 with the goal of providing competition-quality barbeque with genuine backyard hospitality.

27. Since its founding, City Barbeque has been recognized numerous times, including: Best Brisket in the Kansas City Barbeque Society Championship, Grand Champion in the Ohio Smoke Meat and Barbeque Festival, Tukey on the Menu Award by the National Turkey Federation, Number 2 out of 18 in the Men's Journal 18 Best Barbeque Spots in America, Best Barbeque in the United States by Business Insider, and over twenty-five other awards.

28. In addition to serving its customers, City Barbeque works hard to serve its communities by supporting teammates and neighbors, giving back to local charities and non-profits, and providing a place to celebrate life's happy moments in a fun, family-friendly environment. As a specific example, all of City Barbeque's food is freshly made, and any surplus

food at the end of the day is frozen before being donated to those in need in its communities at the end of the week.

29.     Over the past two decades, City Barbeque has worked tirelessly to build its brand by always trying to improve on its barbeque, innovating new dishes, and ensuring that every City Barbeque joint smokes its barbeque fresh on site and makes its sides and desserts from scratch.

30.     City Barbeque's success has enabled it to expand throughout Ohio, the Midwest, and into the South.

31.     Although City Barbeque now operates over fifty restaurants, City Barbeque maintains its high standards at each restaurant and continues to grow its name and goodwill across the nation.

**The CITY BARBEQUE® Intellectual Property**



32.     On December 24, 2013, City Barbeque's                    mark ("CITY BARBEQUE and Design") was registered on the United States Principal Register under Registration Number 4,455,013 for use with restaurant services.

33.     A true and accurate copy of Certificate of Registration Number 4,455,013 is attached as Exhibit A.

34.     The CITY BARBEQUE and Design® mark has been continuously used in commerce with restaurant services since at least as early as August 17, 1999.

35.     On March 5, 2020, the United States Patent and Trademark Office accepted City Barbeque's declaration of incontestability for the CITY BARBEQUE and Design® registration.

36. On March 17, 2015, City Barbeque's service mark for CITY BARBEQUE® was registered on the United States Principal Register under Registration Number 4,703,086 for use with restaurant services.

37. A true and accurate copy of Certificate of Registration Number 4,703,086 is attached as Exhibit B.

38. The CITY BARBEQUE® mark has been continuously used in commerce with restaurant services since at least as early as August 17, 1999.

39. On May 19, 2020, the United States Patent and Trademark Office accepted City Barbeque's declaration of incontestability for the CITY BARBEQUE® registration.

40. On October 18, 2016, City Barbeque's trademark for CITY BARBEQUE® was registered on the United States Principal Register under Registration Number 5,064,067 for use with sauces.

41. A true and accurate copy of Certificate of Registration Number 5,064,067 is attached as Exhibit C.

42. The CITY BARBEQUE® mark has been continuously used in commerce with sauces since at least as early as November 1, 2004.



43. On April 11, 2017, the [image: *City*BARBEQUE] mark ("CITY BARBEQUE and Design") was registered on the United States Principal Register under Registration Number 5,183,141 for use with restaurant services.

44. A true and accurate copy of Certificate of Registration Number 5,183,141 is attached as Exhibit D.

7

45.     The CITY BARBEQUE and Design® mark has been continuously used in commerce with restaurant services since at least as early as July 5, 2016.



46.     On May 9, 2017, the                         mark ("CITY BARBEQUE and Design") was registered on the United States Principal Register under Registration Number 5,201,311 for use with restaurant services.

47.     A true and accurate copy of Certificate of Registration Number 5,201,311 is attached as Exhibit E.

48.     The CITY BARBEQUE and Design® mark has been continuously used in commerce with restaurant services since at least as early as July 5, 2016.

49.     In addition to these registrations, City Barbeque is the owner of common law rights in the CITY BARBEQUE$^{SM}$ trade name, trademark, and service mark.

**Ohio City BBQ's Infringement**

50.     Upon information and belief, Ohio City BBQ, Inc. opened its restaurant in Cleveland, Ohio in or about March 2018 under the name "Ohio City BBQ."

51.     City Barbeque contacted Ohio City BBQ to inform Ohio City BBQ that City Barbeque has used the mark CITY BARBEQUE® in connection with its restaurant services since at least as early as August 17, 1999, and that City Barbeque's U.S. Trademark Registration No. 4,703,086, among many others owned by City Barbeque, grants City Barbeque the exclusive right to use the CITY BARBEQUE® marks in connection with restaurant services nationwide.

8

52.     City Barbeque communicated with Chris Abatsas to request that Ohio City BBQ take steps to avoid the possibility of consumer confusion between the organizations and the source or origin of their respective goods and/or services.

53.     Despite actual notice of City Barbeque's trademark rights, Ohio City BBQ nonetheless opened its restaurant using "City BBQ," which was and is likely to cause and is causing actual consumer confusion with City Barbeque's CITY BARBEQUE® and CITY BARBEQUE and Design® marks.

54.     Following the opening of Ohio City BBQ, City Barbeque again wrote to Ohio City BBQ and explicitly informed Ohio City BBQ that ongoing use of "Ohio City BBQ" was infringing and harming City Barbeque and the goodwill that its marks enjoy.

55.     City Barbeque made clear to Ohio City BBQ that consumer confusion was likely to result unless the parties took steps to avoid the possibility of consumer confusion between the organizations and the source of their respective goods and/or services

56.     City Barbeque has continued its attempts to reach a good faith resolution with Ohio City BBQ to avoid consumer confusion, including as recently as February 12, 2021.

57.     Specifically, City Barbeque proposed by way of letter to Chris Abatsas that the parties enter into a Coexistence Agreement to mitigate the risk of consumer confusion before such confusion actually occurred.

58.     On February 22, 2019, City Barbeque's counsel received an envelope in the mail from Ohio City BBQ that contained a torn apart copy of the letter from City Barbeque dated February 22, 2019 and the enclosed Coexistence Agreement, which copy bore a handwritten message from Ohio City BBQ across the back containing expletives.  A true and correct copy of that torn up Agreement with the handwritten note it attached hereto as Exhibit F.

59.     Ohio City BBQ thereafter continued to operate willfully under the confusingly similar and deceptive "Ohio City BBQ" name without agreeing to take any steps to mitigate the risk of consumer confusion.

60.     Several months after Ohio City BBQ sent the torn-apart annotated demand letter, City Barbeque received reports of instances of actual consumer confusion.

61.     Specifically, City Barbeque began receiving calls to its Cleveland-area store from customers who were clearly confused to believe that they had called Ohio City BBQ to place their order, instead of City Barbeque, whose store they actually called.

62.     On May 10, 2019, City Barbeque wrote to Ohio City BBQ to inform Ohio City BBQ that City Barbeque had evidence of multiple instances of actual consumer confusion.

63.     City Barbeque made clear that Ohio City BBQ's refusal to negotiate an agreement to mitigate consumer confusion confirmed Ohio City BBQ's intent to infringe willfully City Barbeque's trademark and service mark rights.

64.     In addition, City Barbeque informed Ohio City BBQ that Ohio City BBQ was using a copyrighted photograph owned by City Barbeque and that misuse of City Barbeque's copyrighted photograph constituted copyright infringement.

65.     Since that time, City Barbeque has repeatedly informed Ohio City BBQ that its ongoing use of "Ohio City BBQ" is harming City Barbeque and the goodwill that City Barbeque's CITY BARBEQUE® and CITY BARBEQUE and Design® marks enjoy.

66.     Despite these repeated, clear communications and being informed of instances of actual consumer confusion, Ohio City BBQ, Navdip Singh, Tarnjit Singh, and Chris Abatsas (collectively the "Operators"; Navdip Singh, Tarnjit Singh, and Chris Abatsas are referred to

collectively as the "Individual Operators") have continued to willfully deceive customers through the use of the confusingly similar "Ohio City BBQ" name.

67.      Moreover, upon information and belief, Ohio City BBQ has recently expanded its services through the use of third-party delivery websites.

68.       The Operators' use of the "Ohio City BBQ" name is likely to create and has actually created a false impression and deceived consumers and the public into believing that Ohio City BBQ's goods and/or services are associated with those of City Barbeque.

69.      The Operators' use of the "Ohio City BBQ" name has created actual false impressions, consumer confusion, and consumer deception among the public such that an increasing number of consumers harbor a mistaken belief that Ohio City BBQ's goods and/or services are associated with those of City Barbeque.

70.      The Operators' use, and continued use, of the Ohio City BBQ name without taking any precautions to dispel consumer confusion demonstrates their intent to benefit from City Barbeque's goodwill built up over two decades.

71.      The Operators' use, and continued use, of the Ohio City BBQ name standing alone and in combination with an absence of any oral or other cues to customers that their restaurant is not affiliated with City Barbeque leads to the confusion of which City Barbeque now complains.

72.      This confusion is further amplified by the fact that City Barbeque operates over fifty restaurants across the Midwestern and Southern United States, including twenty-two in Ohio alone.

73.      It is therefore easy for consumers to assume that City Barbeque has opened another restaurant when they see the Ohio City BBQ name, especially since Ohio City BBQ continues to expand its restaurant services, including through multiple delivery companies.

11

74.     City Barbeque brings this suit to vindicate its own rights and to protect consumers from this deceptive conduct.

75.     City Barbeque has expended substantial resources to market and promote its restaurants over the course of the past two decades.

76.     That City Barbeque provides quality service, gives back to the communities it serves, sells only meats smoked on site with local hickory wood, and makes all of its sides and desserts from scratch has been a key to City Barbeque's success and expansion across the United States.

77.     In addition, City Barbeque recognizes that barbeque is personal and folks have feelings about sauce, so its beef brisket, pulled pork, smoked turkey, and smoked sausage are served without sauce, but sauce stations are provided so that customers can choose exactly which sauces they want and how much sauce they want with which meats.

78.     Upon information and belief, many consumers are disappointed to find that Ohio City BBQ's meats can be dry, as if prepared too far in advance, and are poorly seasoned. *See, e.g.* Yelp review dated August 15, 2020 (a true and accurate copy of which is attached to this Complaint as Exhibit G); and Yelp review dated December 31, 2020 (a true and accurate copy of which is attached to this Complaint as Exhibit H).

79.     Consumers have complained that at times the meat has been charred or burned and served to customers anyway covered in sauce in an effort to mask its defects. *See, e.g.*, Yelp review dated April 25, 2020 (a true and accurate copy of which is attached to this Complaint as Exhibit I).

80.     And, in addition to customers believing that the desserts are straight from the microwave after being frozen, the sides are most frequently identified as being poorly prepared,

12

including numerous accounts of beans straight from an industrial-size can, coleslaw clearly spooned out of a container, and mac and cheese from a box. *See, e.g.*, Yelp review dated May 14, 2020 (a true and accurate copy of which is attached to this Complaint as Exhibit J); and Yelp review dated November 17, 2020 (a true and accurate copy of which is attached to this Complaint as Exhibit K).

81.   In addition, at least one reviewer explicitly identified the confusion created by Ohio

City BBQ's inferior restaurant:



82.    Rather than improve over time, Ohio City BBQ has continued to receive poor reviews, and customers have continued to recognize the superiority of City Barbeque:



**Defendants' Conspiracy to Defame and Defamation of Plaintiff**

83.    On May 17, 2021, City Barbeque commenced the instant lawsuit against Ohio City BBQ with the filing of the Complaint.  (Dkt. No. 1.)

84.    Following City Barbeque's commencement of this lawsuit, upon information and belief, the Operators posted, and/or aided, abetted, and/or induced others—or otherwise cooperated or conspired with others in posting—false, misrepresentative, and defamatory online reviews of City Barbeque's restaurant business, including those negatively commenting upon the quality of the food purveyed by City Barbeque and/or negatively commenting upon the quality of the customer service at City Barbeque's restaurants and/or disparaging City Barbeque for its efforts to enforce its trademark rights and rights against unfair competition as "disgusting" and a "bully tactic."  *See* true and accurate copies of social media posts, attached as Exhibit L.

85.    Upon information and belief, on May 25, 2021, an individual associated with and/or conspiring with the Operators and/or Ohio City BBQ's employees, posted under the username "Josh M." a false, misrepresentative, and defamatory review of each of City Barbeque's fifty locations:   Arlington, Ohio; Avon, Indiana; Ballantyne, North Carolina; Beachwood, Ohio; Beavercreek, Ohio; Blue Ash, Ohio; Carmel, Indiana; Cary, North Carolina; Centerville, Ohio; Decatur, Georgia; Deerfield, Illinois; Downers Grove, Illinois; Durham, North Carolina; Eastgate,

15

Cincinnati, Ohio; Fairlawn, Ohio; Findlay, Ohio; Fishers, Indiana; Florence, Kentucky; Gahanna, Ohio; Garner, North Carolina; Greensboro, North Carolina; Greenwood, Indiana; Grove City, Ohio; Lexington, Kentucky; Highland Heights, Kentucky; Huntersville, North Carolina; IUPUI, Indianapolis, Indiana; Suwanee, Georgia; Kentwood, Michigan; Louisville, Kentucky; Madison, Wisconsin; Charlotte, North Carolina; Dayton, Ohio; Newark, Ohio; Cleveland, Ohio; Orland Park, Illinois; Park Ridge, Illinois; Columbus, Ohio; Powell, Ohio; Raleigh, North Carolina; Reynoldsburg, Ohio; Sandy Springs, Georgia; Strongsville, Ohio; Toledo, Ohio; Troy, Michigan; University Place, Charlotte, North Carolina; Vernon Hills, Illinois; West Chester, Ohio; Westerville, Ohio; and Whitestown, Indiana. See Exhibit L.

86. Each of the fifty reviews was identical in substance:



87. Upon information and belief, John Doe wrote each of those reviews under the name "Josh M." without visiting the location that was the subject of the review.

88.     Upon information and belief, the user profile for Josh M. was created in May 2021 following City Barbeque's commencement of the instant lawsuit.  *See*, attached as Exhibit M hereto, a true and accurate copy of Josh M.'s user profile on Yelp.

89.     Upon information and belief, the first reviews posted by the newly created profile for Josh M. are the false, misrepresentative, and defamatory online reviews of the foregoing 50 locations of City Barbeque.

90.     Upon information and belief, that same day, May 25, 2021, John Doe, acting as Yelp user Josh M., posted a false and/or misleading review of Ohio City BBQ.  A true and accurate copy of that review is attached hereto as Exhibit N and copied below:



91.     Upon information and belief, Tammy Jacobs, posting as Yelp user Tammy J. and conspiring with the Operators, posted a false, misrepresentative, and defamatory online review of City Barbeque's Beachwood, Ohio location on May 26, 2021.  See Exhibit L. at pg. 13.

92.     Upon information and belief, Tammy Jacobs did not visit the City Barbeque Beachwood, Ohio location on or about May 26, 2021.

93.     Upon information and belief, Tajinder Sandhu, conspiring with the Operators, posted a false, misrepresentative, and defamatory online review of City Barbeque's Beachwood, Ohio location.  See Exhibit L. at pg. 13.

94.     Upon information and belief, Tajinder Sandhu did not visit the City Barbeque Beachwood, Ohio location on or about May 26, 2021.

95.     Upon information and belief, these posts were part of a contemporaneous and coordinated social media attack by Ohio City BBQ, its agents, co-conspirators, or those otherwise acting in concert therewith, against City Barbeque's restaurants in the municipalities and regions where its restaurants are located.  *See* true and accurate copies of social media posts, attached as Exhibit L.

96.     Upon information and belief, an individual associated with and/or conspiring with the Operators and/or Ohio City BBQ's employees posted a false, misrepresentative, and defamatory online review of City Barbeque's Strongsville, Ohio location under the name Robert Bardwell.  *See* Exhibit L at pg. 19.

97.     Upon information and belief, Robert Bardwell did not visit City Barbeque's Strongsville, Ohio location.

98.     Upon information and belief, as a result of such false, misrepresentative, and defamatory online reviews about its restaurants and its efforts to enforce its trademark rights and

18

rights against unfair competition, City Barbeque has lost customers and associated income and has had to respond, or will have to continue to respond to the allegations made in the false, misrepresentative, and defamatory online reviews.

99.     Upon information and belief, the Operators intend to continue the above-detailed course of conduct unless otherwise restrained.

100.     City Barbeque is suffering irreparable injury and has suffered substantial damage as a result of Defendants' activities.

101.     City Barbeque has no adequate remedy at law.

**COUNT I**
**Trademark Infringement – Lanham Act, 15 U.S.C. § 1114**
**(Against Defendant Ohio City BBQ)**

102.     City Barbeque re-alleges the allegations contained in paragraphs 1 through 101 as if fully set forth herein.

103.     On March 17, 2015, City Barbeque's service mark for CITY BARBEQUE® was registered on the United States Principal Register under Registration Number 4,703,086 for use with restaurant services and has been continuously used in commerce with restaurant services since at least as early as August 17, 1999.  *See* Exhibit B.

104.     On May 19, 2020, the United States Patent and Trademark Office accepted City Barbeque's declaration of incontestability for the CITY BARBEQUE® registration.

105.     On October 18, 2016, City Barbeque's trademark for CITY BARBEQUE® was registered on the United States Principal Register under Registration Number 5,064,067 for use with sauces, and the CITY BARBEQUE® mark has been continuously used in commerce with sauces since at least as early as November 1, 2004.  *See* Exhibit C.

**City BARBEQUE**

106.    On April 11, 2017, the                          mark was registered on the United States Principal Register under Registration Number 5,183,141 for use with restaurant services and has been continuously used in commerce with restaurant services since at least as early as July 5, 2016.  *See* Exhibit D.

**City BARBEQUE**

107.    On May 9, 2017, the                          mark was registered on the United States Principal Register under Registration Number 5,201,311 for use with restaurant services and has been continuously used in commerce with restaurant services since at least as early as July 5, 2016.  *See* Exhibit E.

108.    City Barbeque has continuously used the CITY BARBEQUE® and CITY BARBEQUE and Design® marks in interstate commerce in connection with its barbeque restaurants and has thereby developed significant goodwill in the marks.

109.    There is no question that City Barbeque has priority over Ohio City BBQ's use of "City BBQ."

110.    Ohio City BBQ's use of "City BBQ" in connection with its operation of a barbeque restaurant is both deceptive and confusing for consumers of barbeque.

111.    Ohio City BBQ's use of "City BBQ" is occurring and has occurred without the consent or authorization of City Barbeque.

112.    To the contrary, Ohio City BBQ's use of "City BBQ" has continued despite City Barbeque's objections.

113.    Ohio City BBQ's use of the name Ohio City BBQ is substantially similar to, and inclusive of, the CITY BARBEQUE® and CITY BARBEQUE and Design® marks.

20

114.    Ohio City BBQ's and City Barbeque's goods and/or services are highly related, in direct competition with each other, and are marketed to, likely to be utilized by, and actually utilized by, the same clients and potential clients within the Cleveland area.

115.    Ohio City BBQ's infringing use of City Barbeque's CITY BARBEQUE® and CITY BARBEQUE and Design® marks in connection with the sale, offer for sale, distribution, and advertising of goods and/or services is likely to continue to cause consumer confusion, mistake, or deception as to the source, origin, sponsorship, affiliation, association, or approval of those goods and/or services.

116.    Ohio City BBQ's infringing use of City Barbeque's CITY BARBEQUE® and CITY BARBEQUE and Design® marks is likely to mislead consumers of Ohio City BBQ's and City Barbeque's respective restaurant services, to City Barbeque's detriment.

117.    Ohio City BBQ's adoption and use of City Barbeque's CITY BARBEQUE® and CITY BARBEQUE and Design® marks is not authorized or licensed by City Barbeque.

118.    Ohio City BBQ and its Individual Operators acted with full knowledge of City Barbeque's rights in and to the CITY BARBEQUE® and CITY BARBEQUE and Design® marks with the intent to usurp City Barbeque's rights therein.

119.    Ohio City BBQ's adoption and use of the registered CITY BARBEQUE® and CITY BARBEQUE and Design® marks constitutes an attempt to trade unlawfully on the goodwill and reputation associated with the CITY BARBEQUE® and CITY BARBEQUE and Design® marks and City Barbeque's restaurants.

120.    As a result of this misconduct by Ohio City BBQ and its Individual Operators, Ohio City BBQ has infringed the rights of City Barbeque as the owner of the incontestable CITY BARBEQUE® and CITY BARBEQUE and Design® marks.

121.    Ohio City BBQ's unauthorized use of City Barbeque's CITY BARBEQUE® and CITY BARBEQUE and Design® marks constitutes infringement of City Barbeque's exclusive rights in and to the CITY BARBEQUE® and CITY BARBEQUE and Design® marks, including and not limited to infringement of City Barbeque's federal registrations for the CITY BARBEQUE® and CITY BARBEQUE and Design® marks in violation of 15 U.S.C. § 1114.

122.    Upon information and belief, Ohio City BBQ's actions are intentional, willful, and calculated to cause confusion, mistake or deception, entitling City Barbeque to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

123.    As a result of Ohio City BBQ's violation of 15 U.S.C. § 1114, City Barbeque is entitled to destruction of labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Ohio City BBQ bearing the registered marks under 15 U.S.C. § 1118.

124.    As a result of Ohio City BBQ's misconduct, City Barbeque's goodwill has been damaged, and City Barbeque is entitled to recover for the injuries sustained, including, and not limited to, Ohio City BBQ's profits from the sale of infringing goods and/or services, actual damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

125.    City Barbeque has no adequate remedy at law.

126.    The conduct of Ohio City BBQ and its Individual Operators has caused, and will continue to cause, damage and irreparable harm to City Barbeque unless this Court enjoins Ohio City BBQ.

127.    Therefore, City Barbeque is also entitled to permanent injunctive relief.

<u>COUNT II</u>
**Common Law Trademark Infringement – Ohio Rev. Code Ann. § 1329.67**
**(Against Defendant Ohio City BBQ)**

128.    City Barbeque re-alleges the allegations contained in paragraphs 1 through 127 as if fully set forth herein.

129.    At least as early as August 17, 1999, City Barbeque began to use its trade name "CITY BARBEQUE" in commerce in Ohio.

130.    City Barbeque is the current owner of common law rights in the CITY BARBEQUE$^{SM}$ trade name and mark, which was first used at least as early as August 17, 1999

131.    City Barbeque is also the current owner of common law rights in the CITY BARBEQUE and Design$^{SM}$ marks.



132.    The                                   Design mark was first used as early as July 5, 2016.



133.    The                              mark was first used as early as July 5, 2016.

134.    City Barbeque has continuously used the CITY BARBEQUE$^{SM}$ trade name and mark and the CITY BARBEQUE and Design$^{SM}$ marks in commerce in connection with its barbeque restaurants and sauces and has thereby developed significant goodwill in the CITY BARBEQUE$^{SM}$ trade name and mark and the CITY BARBEQUE and Design$^{SM}$ marks.

135.    City Barbeque has priority of use over Ohio City BBQ's use of the name "City BBQ."

136.    Ohio City BBQ's use of the name "Ohio City BBQ" is both deceptive and confusing for consumers of the parties' barbeque.

23

137.     Ohio City BBQ's use of a trade name confusingly similar to the CITY BARBEQUE[SM] trade name and mark and the CITY BARBEQUE and Design[SM] marks is occurring and has occurred without the consent or authorization of City Barbeque.

138.     Ohio City BBQ's use of the name "City BBQ" in advertising is use of a name that is substantially similar in sound, commercial impression, appearance, and meaning to City Barbeque's CITY BARBEQUE[SM] trade name and mark and the CITY BARBEQUE and Design[SM] marks.

139.     Ohio City BBQ's barbeque restaurant and City Barbeque's barbeque restaurants are highly related, in direct competition with each other, and are marketed to, likely to be utilized by, and actually utilized by, the same clients and potential clients in the Cleveland, Ohio area.

140.     Ohio City BBQ's infringing use of the CITY BARBEQUE[SM] trade name and mark and the CITY BARBEQUE and Design[SM] marks in connection with the sale, offer for sale, distribution, and advertising of goods and/or services is likely to continue to cause consumer confusion, mistake, or deception as to the source, origin, sponsorship, affiliation, association, or approval of those goods and/or services.

141.     Ohio City BBQ's infringing use of the CITY BARBEQUE[SM] trade name and mark and the CITY BARBEQUE and Design[SM] marks is likely to mislead consumers of Ohio City BBQ's and City Barbeque's respective goods and/or services, to City Barbeque's detriment.

142.     Ohio City BBQ's adoption and use of a confusingly similar name to CITY BARBEQUE® is not authorized or licensed by City Barbeque.

143.     Ohio City BBQ acted with full knowledge of City Barbeque's rights in and to the CITY BARBEQUE[SM] trade name and mark and the CITY BARBEQUE and Design[SM] marks and with the intent to usurp City Barbeque's rights therein.

24

144.    Ohio City BBQ's adoption and use of a confusingly similar name to the CITY BARBEQUE[SM] trade name and mark and the CITY BARBEQUE and Design[SM] marks constitutes an attempt to trade unlawfully on the goodwill and reputation associated with the CITY BARBEQUE[SM] trade name and mark and the CITY BARBEQUE and Design[SM] marks.

145.    As a result of this misconduct, Ohio City BBQ has infringed the rights of City Barbeque as the owner of the CITY BARBEQUE[SM] trade name and mark and the CITY BARBEQUE and Design[SM] marks.

146.    As a result of Ohio City BBQ's misconduct, City Barbeque's goodwill has been damaged, and City Barbeque is entitled to recover for the injuries sustained, including, and not limited to, Ohio City BBQ's profits from the sale of infringing goods and/or services, actual damages, punitive damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

147.    City Barbeque has no adequate remedy at law.

148.    Ohio City BBQ's conduct caused, and will continue to cause, damage and irreparable harm to City Barbeque unless this Court enjoins Ohio City BBQ.

149.    Therefore, City Barbeque is also entitled to permanent injunctive relief.

## COUNT III
### False Designation of Origin and Unfair Competition – Lanham Act, 15 U.S.C. § 1125(a)
### (Against Defendants Ohio City BBQ, Navdip Singh, Tarnjit Singh, and Chris Abatsas)

150.    City Barbeque re-alleges the allegations contained in paragraphs 1 through 149 as if fully set forth herein.

151.    Ohio City BBQ uses "City BBQ" in its name, advertising, and promotional material in a manner that allows the restaurant to appear to customers to be associated with the City Barbeque family of restaurants that always provides fresh smoked meats, homemade sides, homemade desserts, and significant contributions to the local community.

152.     This representation by Ohio City BBQ and its Individual Operators constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is: (a) likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of Ohio City BBQ's goods and/or services or commercial activities; or (b) in commercial advertising or promotion, likely to misrepresent the nature, characteristics, qualities, or geographic origin of Ohio City BBQ's goods and/or services or commercial activities.

153.     Further, Ohio City BBQ and its Individual Operators refuse to take any steps to dispel consumer confusion and, when such confusion has arisen, Ohio City BBQ does not take steps to correct that confusion.

154.     The representation, advertising, and promotion of Ohio City BBQ does not provide consumers with sufficient cues to the consumer to prevent the mistaken belief by consumers that the restaurant is associated with the City Barbeque family of restaurants that operates across the Cleveland area and in Ohio generally.

155.     The actions of Ohio City BBQ and its Individual Operators constitute a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is: (a) likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of Ohio City BBQ's goods and/or services or commercial activities; or (b) in commercial advertising or promotion, likely to misrepresent the nature, characteristics, qualities, or geographic origin of Ohio City BBQ's goods and/or services or commercial activities.

156.    Ohio City BBQ's use of a name confusingly similar to the CITY BARBEQUE® and CITY BARBEQUE and Design® marks is occurring and has occurred without the consent or authorization of City Barbeque.

157.    As a result of this misconduct, Ohio City BBQ and its Individual Operators have violated the rights of City Barbeque as the owner of the CITY BARBEQUE® and CITY BARBEQUE and Design® marks.

158.    Ohio City BBQ's use of "City BBQ" without sufficient cues to consumers that there is no affiliation with the City Barbeque family of restaurants that operates in Cleveland, Ohio is misleading in context.

159.    Upon information and belief, the actions of Ohio City BBQ and its Individual Operators are intentional, willful, and calculated to cause confusion, mistake or deception, entitling City Barbeque to enhanced damages and attorneys' fees under 15 U.S.C. § 1117.

160.    As a result of the misconduct by Ohio City BBQ and its Individual Operators, City Barbeque has been damaged and is entitled to recover for the injuries sustained, including, and not limited to, Ohio City BBQ's profits from the sale of infringing goods and/or services, actual damages, punitive damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

161.    City Barbeque has no adequate remedy at law.

162.    The conduct of Ohio City BBQ and its Individual Operators has caused, and will continue to cause, damage and irreparable harm to City Barbeque unless this Court enjoins Ohio City BBQ.

163.    Therefore, City Barbeque is also entitled to permanent injunctive relief.

<u>COUNT IV</u>
**Unfair Competition - Ohio Deceptive Trade Practices Act,**
**Ohio Rev. Code Ann. § 4165.01 *et seq.***
**(Against Defendants Ohio City BBQ, Navdip Singh, Tarnjit Singh, and Chris Abatsas)**

164. City Barbeque re-alleges the allegations contained in paragraphs 1 through 163 as if fully set forth herein.

165. City Barbeque has continuously used the CITY BARBEQUE® trade name and mark in commerce in connection with its barbeque restaurants since at least August 17, 1999.

166. The strong consumer association with City Barbeque as the source of barbeque restaurants using the brand CITY BARBEQUE® has made the mark distinct and indicates the source of the goods and/or services to a consumer.

167. Over the course of two decades, City Barbeque has expanded its use of the CITY BARBEQUE® and CITY BARBEQUE and Design® marks from one restaurant in Columbus, Ohio to over fifty restaurants across the Midwestern and Southern United States.

168. Through such continuous and extensive use, City Barbeque has acquired significant goodwill in the CITY BARBEQUE® and CITY BARBEQUE and Design® marks.

169. Ohio City BBQ and its Individual Operators have engaged in unfair competition against City Barbeque.  These acts have included, and are not limited to, the following particular misdeeds.

170. Ohio City BBQ uses "City BBQ" in the course of its business as part of its name, advertising, and promotional material in a manner that allows the restaurant to appear to customers to be associated with the City Barbeque family of restaurants that always provides fresh smoked meats, homemade sides, homemade desserts, and significant contributions to the local community.

171. This causes a likelihood of consumer confusion or misunderstanding as to: (a) the source, sponsorship, approval, or certification of Ohio City BBQ's goods and/or services by City

Barbeque; and (b) an affiliation, connection, or association between Ohio City BBQ and City Barbeque.

172.    Further, Ohio City BBQ and its Individual Operators refuse to take any steps to avoid consumer confusion and, when such confusion has arisen, Ohio City BBQ does not stake steps to dispel that confusion.

173.    The representation, advertising, and promotion of Ohio City BBQ do not provide consumers with sufficient cues to the consumer to prevent the mistaken belief by consumers that the restaurant is associated with the City Barbeque family of restaurants that operate across the Cleveland, Ohio area and in Ohio generally.

174.    Those actions constitute a deceptive trade practice undertaken in the course of Ohio City BBQ's business that causes likelihood of confusion or misunderstanding as to: (a) the source, sponsorship, approval, or certification of Ohio City BBQ's goods and/or services by City Barbeque; and/or (b) an affiliation, connection, or association between Ohio City BBQ and City Barbeque.

175.    Upon information and belief, and in addition to the acts complained of in Paragraphs 1 through 174 herein, Ohio City BBQ posted, or aided, abetted, and/or induced others - or otherwise cooperated or conspired with others in posting false, misrepresentative, and defamatory online reviews of City Barbeque's restaurant business, including those negatively commenting upon the quality of the food purveyed by City Barbeque and/or negatively commenting upon the quality of the customer service at City Barbeque's restaurants and/or disparaging City Barbeque for its efforts to enforce its trademark rights and rights against unfair competition as "disgusting" and a "bully tactic." *See* true and accurate copies of social media posts, attached as Exhibit L.

29

176.     Upon information and belief, these posts were part of a contemporaneous and coordinated social media attack by Ohio City BBQ, its Individual Operators, agents, co-conspirators or those otherwise acting in concert therewith, against City Barbeque's restaurants in the municipalities and regions where its restaurants are located.  *Id.*

177.     Upon information and belief, as a result of such false, misrepresentative, and defamatory online reviews about its restaurants and its efforts to enforce its trademark rights and rights against unfair competition, City Barbeque has lost customers and associated income, and has had to respond, or will have to continue to respond to the allegations made in the false, misrepresentative, and defamatory online reviews.

178.     Ohio City BBQ and its Individual Operators have represented that the goods or services of City Barbeque are of a low standard, quality, or grade when they are not.

179.     Ohio City BBQ and its Individual Operators have disparaged the goods, services, or business of City Barbeque by false representation of fact.

180.     Upon information and belief, as a proximate cause of its unlawful conduct, Ohio City BBQ and its Individual Operators have or will receive substantial profits to which they are not entitled.

181.     Ohio City BBQ and its Individual Operators have competed unfairly with City Barbeque and have realized unjust profits in an amount to be established at trial.

182.     Upon information and belief, the actions of Ohio City BBQ and its Individual Operators are intentional, willful, and calculated to cause confusion, mistake, or deception.

183.     As a result of the misconduct by Ohio City BBQ and its Individual Operators, City Barbeque has been damaged and is entitled to recover for the injuries sustained, including, and not limited to, Ohio City BBQ's profits from the sale of infringing goods and/or services, actual

damages, punitive damages, corrective advertising damages, costs of this litigation, and attorneys' fees associated with this litigation.

184.    Further, Ohio City BBQ and its Individual Operators have caused irreparable injury to City Barbeque's reputation and goodwill and, unless enjoined, Ohio City BBQ and its Individual Operators will continue their acts of unfair competition.

185.    City Barbeque has no adequate remedy at law for this irreparable injury.

186.    City Barbeque is therefore also entitled to preliminary and permanent injunctive relief.

### COUNT V
### Defamation *Per Se* and Conspiracy to Commit Defamation *Per Se*
### (Against All Defendants)

187.    City Barbeque re-alleges the allegations contained in paragraphs 1 through 186 as if fully set forth herein.

188.    John Doe, posting as Yelp user "Josh M.," posted 50 identical, false, misrepresentative and defamatory online reviews of City Barbeque's restaurant business.

189.    Upon information and belief, John Doe posted each of these 50 reviews in conspiracy with Ohio City BBQ, its Operators, and/or its other employees.

190.    Tammy Jacobs, posting as Yelp user "Tammy J.," posted one false, misrepresentative, and defamatory online review of City Barbeque's restaurant business.

191.    Upon information and belief, Tammy Jacobs posted that review in conspiracy with Ohio City BBQ, its Individual Operators and/or Ohio City BBQ's other employees.

192.    The false, misrepresentative, and defamatory online reviews of City Barbeque's restaurant business constituted false and/or defamatory statements about City Barbeque.

193.    Each of the false, misrepresentative, and defamatory online reviews was published without privilege to third parties, *i.e.*, *inter alia* customers or potential customers of City Barbeque.

31

194.    Each of the false, misrepresentative, and defamatory online reviews was published with fault of at least negligence on the part of Ohio City BBQ, its Individual Operators, and the individual responsible for posting the review.

195.    Each of the false, misrepresentative, and defamatory online reviews is libelous per se as, on its face, it reflects upon the character of City Barbeque's business in a manner that has caused it to be ridiculed, hated, held in contempt, or in a manner that will injure it in its trade.

196.    Each of the false, misrepresentative, and defamatory online reviews has harmed City Barbeque's commercial business in an amount to be determined at trial.

197.    City Barbeque and its business reputation will continue to be damaged if such actions are not enjoined and its business reputation restored.

198.    Upon information and belief, Defendants' actions in publishing or causing such false and/or defamatory statements to be published were intentional, willful, and calculated to harm City Barbeque and its reputation.

199.    Damages from Defendants' defamation *per se* and conspiracy to commit defamation *per se* are presumed.

200.    Further, City Barbeque has suffered special damages because potential customers of City Barbeque have been deterred from patronizing City Barbeque's restaurants by Defendants' defamatory reviews published online.

201.    City Barbeque therefore has been damaged and is entitled to recover for the harm to its reputation and its loss of potential customers as a result of Defendants' defamation.

202.    Additionally, Defendants have caused irreparable injury to City Barbeque's reputation and goodwill and, unless enjoined, Defendants will continue to defame City Barbeque.

203.    City Barbeque has no adequate remedy at law for this irreparable injury.

204.    City Barbeque is therefore also entitled to preliminary and permanent injunctive relief.

## COUNT VI
### Defamation *Per Quod* and Conspiracy to Commit Defamation *Per Quod*
### (Against All Defendants)

205.    City Barbeque re-alleges the allegations contained in paragraphs 1 through 204 as if fully set forth herein.

206.    John Doe, posting as Yelp user "Josh M.," posted 50 identical, false, misrepresentative, and defamatory online reviews of City Barbeque's restaurant business.

207.    Upon information and belief, John Doe posted each of these 50 reviews in conspiracy with Ohio City BBQ, its Individual Operators, and/or Ohio City BBQ's other employees.

208.    Tammy Jacobs, posting as Yelp user "Tammy J.," posted one false, misrepresentative, and defamatory online review of City Barbeque's restaurant business.

209.    Upon information and belief, Tammy Jacobs posted that review in conspiracy with Ohio City BBQ, its Individual Operators and/or Ohio City BBQ's other employees.

210.    The false, misrepresentative, and defamatory online reviews of City Barbeque's restaurant business constituted false and/or defamatory statements about City Barbeque.

211.    Each of the false, misrepresentative, and defamatory online reviews was published without privilege to third parties, *i.e.*, *inter alia* customers or potential customers of City Barbeque.

212.    Each of the false, misrepresentative, and defamatory online reviews was published with fault of at least negligence on the part of Ohio City BBQ, its Individual Operators, and the individual responsible for posting the review.

213.    Each of the false, misrepresentative, and defamatory online reviews has harmed City Barbeque's reputation.

33

214.    Each of the false, misrepresentative, and defamatory online reviews is libelous *per quod* as defamatory through interpretation or *innuendo*, implying that City Barbeque has acted improperly, illegally, or unethically in enforcing its trademark rights and rights against unfair competition, and implying that City Barbeque's food offerings are not of the highest quality, such that it reflects upon the character of City Barbeque's business in a manner that has caused it to be ridiculed, hated, held in contempt, or in a manner that will injure it in its trade.

215.    Each of the false, misrepresentative, and defamatory online reviews has harmed City Barbeque's commercial business in an amount to be determined at trial.

216.    Upon information and belief, Defendants' actions in publishing or causing such false and/or defamatory statements to be published were intentional, willful, and calculated to harm City Barbeque and its reputation.

217.    Further, potential customers of City Barbeque have been deterred from patronizing City Barbeque's restaurants by Defendants' defamatory reviews published online.

218.    City Barbeque therefore has been damaged and is entitled to recover for the harm to its reputation and its loss of potential customers as a result of Defendants' defamation.

219.    Additionally, Defendants have caused irreparable injury to City Barbeque's reputation and goodwill and, unless enjoined, Defendants will continue to defame City Barbeque.

220.    City Barbeque has no adequate remedy at law for this irreparable injury.

221.    City Barbeque is therefore also entitled to preliminary and permanent injunctive relief.

## COUNT VII
## Common Law Civil Conspiracy
## (Against All Defendants)

222.    City Barbeque re-alleges the allegations contained in paragraphs 1 through 221 as if fully set forth herein.

223.    Upon information and belief Ohio City BBQ has conspired with other persons—namely, Navdip Singh, Tarnjit Singh, Chris Abatsas, Tammy Jacobs, John Doe (Yelp User "Josh M."), Google user Tajinder Sandhu, and Google user Robert Bardwell—to engage in unfair trade practices in order to defame City Barbeque.

224.    Upon information and belief Navdip Singh, Tarnjit Singh, Chris Abatsas, Tammy Jacobs, John Doe (Yelp User "Josh M."), Google user Tajinder Sandhu, and Google user Robert Bardwell have conspired with and/or among one another to engage in unfair trade practices in order to defame City Barbeque.

225.    City Barbeque and its business reputation have been damaged by, and City Barbeque is entitled to recover for, the harm caused by Defendants' conspiracy to engage in unfair trade practices and to defame City Barbeque.

226.    Further, City Barbeque and its business reputation will continue to be irreparably harmed if Defendants' activities are not enjoined.

227.    City Barbeque has no adequate remedy at law for this irreparable injury.

228.    City Barbeque is therefore also entitled to preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, City Barbeque respectfully requests that this Court:

A.    Enter judgment that Ohio City BBQ has infringed City Barbeque's rights in the

CITY BARBEQUE® trade name and mark, including City Barbeque's federal

statutory rights and federal and Ohio common law rights therein and arising therefrom;

B.    Enter judgment that Ohio City BBQ has infringed City Barbeque's rights in the CITY BARBEQUE and Design® marks, including City Barbeque's federal statutory rights and federal and Ohio common law rights therein and arising therefrom;

C.    Enter judgment that the Operators have engaged in unfair competition in the nature of a false designation of origin in violation of Lanham Act, 15 U.S.C. § 1125(a);

D.    Enter judgment that the Operators have engaged in unfair competition in violation of the Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 4165.01 *et seq*;

E.    Enter judgment that Defendants have defamed City Barbeque, injuring City Barbeque's business and business reputation in violation of Ohio common law;

F.    Enter judgment that Defendants entered into a civil conspiracy with one another, and with Tajinder Sandhu and Robert Bardwell, to engage in such unfair competition and to defame City Barbeque;

G.    Permanently enjoin Ohio City BBQ, including its officers, agents, representatives, employees, the Individual Operators, and those persons acting in concert or participation with them, from using the Ohio City BBQ trade name, the CITY BARBEQUE® trade name and mark, the CITY BARBEQUE® and Design® marks, and any mark confusingly similar to these trade names and marks in connection with any of Ohio City BBQ's goods and/or services;

36

H.     Order the Operators to pay actual damages that City Barbeque has suffered as a result of the Operators' infringement, false designation of origin, and unfair competition as provided for by federal and state statutes and common law, including and not limited to 15 U.S.C. § 1117(a) and Ohio Rev. Code Ann. § 4165.03(A)(2);

I.     Order the Operators to disgorge all profits attributable to their infringement, false designation of origin, and unfair competition as provided for by federal statutes and common law, including and not limited to 15 U.S.C. § 1117(a);

J.     Order the Operators to deliver and destroy all labels, signs, prints, packages, menus, clothing, wrappers, receptacles, and advertisements in the possession of Ohio City BBQ bearing the Ohio City BBQ name, as provided for by 15 U.S.C. § 1118;

K.     Order the Operators to provide corrective advertising on the Ohio City BBQ website, in the Ohio City BBQ restaurant, and on all social media platforms for which the Operators, or any of them, hold accounts;

L.     Grant City Barbeque enhanced damages, punitive damages, attorneys' fees, and costs as provided for by federal and state statutes, including and not limited to 15 U.S.C. § 1117 and Ohio Rev. Code Ann. § 4165.03(B);

M.     Grant City Barbeque damages and special damages for the harm caused by Defendants' defamation *per se* and defamation *per quod* in an amount to be determined at trial pursuant to Ohio common law;

37

N.      Grant City Barbeque damages for the harm caused by Defendants' conspiracy to engage in unfair trade practices and to defame City Barbeque in an amount to be determined at trial pursuant to Ohio common law;

O.      Grant further equitable relief in order to enjoin the harm caused by Defendants;

P.      Grant City Barbeque prejudgment and post-judgment interest; and

Q.      Grant such other and further relief as this Court deems just and equitable.

## JURY DEMAND

City Barbeque demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Roger A. Gilcrest
Roger A. Gilcrest (Ohio Atty. No. 0019663)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215-7509
(614) 462-1055
Roger.Gilcrest@icemiller.com

Holiday W. Banta (IN Atty. No. 17852-49)
Jessa DeGroote (IN Atty. No. 35847-49)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
H.Banta@icemiller.com
Jessa.DeGroote@icemiller.com