**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CITY BARBEQUE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OHIO CITY BBQ, INC., *et al.*, <br><br> Defendants. | Case No. 1:21-cv-01016 <br><br> JUDGE JAMES S. GWIN |

### CITY BARBEQUE, LLC'S MOTION TO STRIKE AND TO DISMISS

Plaintiff City Barbeque, LLC ("City Barbeque"), by and through its undersigned counsel, brings this Motion in response to the Answer jointly filed by Defendant Chris Abatsas ("Abatsas") and Defendant Navdip Singh ("N. Singh" and collectively, "Defendants"). Pursuant to Fed. R. Civ. P. 12(f), City Barbeque moves to strike improper portions of the Answer and purported affirmative defenses. City Barbeque also moves to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), any and all purported counterclaims contained in the Answer. Finally, City Barbeque moves to strike the Answer as to Defendant Abatsas for failure to timely file and serve it in view of the fact that Defendant Abatsas is in default.

On September 10, 2021, Defendants filed a response to City Barbeque's First Amended Complaint. *See* Answer [ECF No. 31]. In their Answer, Defendants jointly admit, deny, or otherwise respond to several allegations contained in City Barbeque's First Amended Complaint. *Id.* at pp. 1-2. Defendants also made several affirmative statements that potentially can be construed as counterclaims, affirmative defenses, or both. *See id.* at pp. 2-3. Such statements are factually and legally insufficient to state a claim upon which relief may be granted.

1

Such statements fail to raise any legally justifiable affirmative defense or put City Barbeque on notice of the legal basis for any affirmative defense. Such statements are improper, immaterial, and impertinent, and they fail to conform to the requirements of Fed. R. Civ. P. 8. Accordingly, City Barbeque respectfully requests that this Court dismiss any counterclaims, strike all statements other than those responding directly to City Barbeque's First Amended Complaint, and strike Defendant Abatsas's Answer as untimely and procedurally improper in view of the fact that he is in default. A Memorandum in Support is filed herewith.

Respectfully submitted,

*/s/ Roger A. Gilcrest*
Roger A. Gilcrest (0019663)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215-7509
(614) 462-1055
Roger.Gilcrest@icemiller.com

Holiday W. Banta, *pro hac vice*
Jessa DeGroote, *pro hac vice*
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
H.Banta@icemiller.com
Jessa.DeGroote@icemiller.com

*Attorneys for Plaintiff City Barbeque, LLC*

**MEMORANDUM IN SUPPORT**

Plaintiff City Barbeque, LLC ("City Barbeque") respectfully submits this Memorandum in Support of its Motion to Strike portions of Defendants Chris Abatsas's ("Abatsas") and Navdip Singh's ("N. Singh" and collectively, "Defendants") Answer and to dismiss any and all purported counterclaims.

**I.     RELEVANT FACTS AND PROCEDURAL HISTORY**

City Barbeque filed its original Complaint against Ohio City BBQ, Inc. ("Ohio City BBQ") on May 17, 2021. Complaint [ECF No. 1]. Thereafter, Ohio City BBQ, acting in concert with several individuals, engaged in behavior that gave rise to additional claims for relief. *See* First Amended Complaint at ¶¶ 83-101 [ECF No 7]. City Barbeque filed its First Amended Complaint on July 8, 2021 in order to present these additional claims. *Id.* City Barbeque served its First Amended Complaint on Ohio City BBQ on July 13, 2021. Return of Service [ECF No. 17]. The Clerk of Court entered Default against Ohio City BBQ on August 5, 2021. [ECF No. 20]. Upon motion, the Court entered Default Judgment against Ohio City BBQ on September 1, 2021. [ECF No. 28].

City Barbeque perfected service of process on Defendant Abatsas on August 14, 2021. Proof of Service [ECF No. 24]. Abatsas's responsive pleading was due on or before September 7, 2021 (due to the Labor Day holiday). Abatsas failed to timely file a responsive pleading by September 7, 2021, and the Clerk of Court entered Default against him on September 10, 2021. Entry of Default [ECF No. 30]. On that same day, Defendants filed what appears to be their joint Answer *pro se* responding to the First Amended Complaint. Answer [ECF No. 31]. Abatsas did not seek leave to set aside the Default before filing the Answer.

In their Answer, Defendants appear to admit the allegations contained in Paragraphs 7-11, 14-15, and 50 of the First Amended Complaint. Answer at pp. 1-2. Defendants appear to deny the allegations contained in Paragraphs 1-6, 12-13, 16-49, and 51-228 of the First Amended Complaint. *Id.* After they responded to each allegation contained in the First Amended Complaint, Defendants made several additional statements, some of which are affirmative allegations that can reasonably be construed as either counterclaims or defenses. *Id.* at pp. 2-3.

## II. LAW AND ARGUMENT

City Barbeque understands that Defendants are representing themselves *pro se* and that *pro se* filings are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed[.]" (internal quotation marks omitted)). However, leeway given to *pro se* litigants is not limitless, and they still must comply with the Federal Rules of Civil Procedure and Local Rules. *See Powell v. Smith*, No. 1:19-cv-1912, 2020 WL 10692756, at *1 (N.D. Ohio Feb. 18, 2020) ("Liberal construction, though, does not mean pro se litigants are exempt from following the procedural rules and other law that govern the case. Pro se litigants must follow the law just like parties who have lawyers representing them."). Since *pro se* filings are to be liberally construed, City Barbeque filed the instant Motion in order to address any potential affirmative defenses and counterclaims contained in Defendants' Answer.

### A. Portions of Defendants' Answer are Improper and Should be Stricken.

"In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b). Moreover, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense…." Fed. R. Civ. P. 8(c). On its own or on a party's motion, "[t]he court may strike from a pleading an insufficient defense or any

4

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While Rule 12(f) motions to strike should be used sparingly, they serve the useful purpose of "eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Lindenbaum v. Energy Services Providers, Inc.*, No. 1:21-cv-764, 2021 WL 3036505, *2 (N.D. Ohio July 19, 2021) (quoting *United States v. Pretty Prod., Inc.*, 780 F.Supp. 1488, 1498 (S.D. Ohio 1991)); *Reo v. Lindstedt*, No. 1:19-cv-2589, 2019 WL 7900068 (N.D. Ohio Dec. 10, 2019) (Magistrate Judge recommending granting motion to strike because plaintiff was unable to determine what claims, if any, defendant asserted against him).

Defendants made several affirmative statements in their Answer that are not in response to any allegation made in City Barbeque's First Amended Complaint. Answer at pp. 2-3.[1] Specifically, after responding to the allegations contained in the First Amended Complaint, Defendants continued to state the following:

> Plaintiffs have unlimited financial resources and have purposely filed a large amount of allegations and statements knowing the cost of counsel would be extreme to be represented in federal court. After many attempts to seek counsel has failed due to the fact it would put Ohio City BBQ out of business [sic]. This is a classic David versus Goliath. We ask that this Honorable Court allow us to have a chance to defend ourselves and allow us some leeway due to the fact that we are not practicing attorneys. We feel that the harassment we have dealt with by City Barbeque could warrant us a counter suit for mental stress caused by these actions. We do not seek any financial gain due to these actions.
>
> * * *
>
> City Barbeque states that the trademark name is nationally registered we have enclosed ***Exhibit A*** and ***Exhibit B*** a list of just a few locations with name City BBQ why come after us and not these other establishments [sic].

*See* Answer at pp. 2-3.

---

[1] Rule 10(b) requires a party to state its claims or defenses in numbered paragraphs. Fed. R. Civ. P. 10(b). It also requires a party to state each defense other than a denial separately. *Id.* Defendants failed to comply with both of these requirements.

These statements were made after Defendants responded to each allegation contained in City Barbeque's First Amended Complaint. Defendants did not characterize or designate these statements as counterclaims or affirmative defenses, nor are the statements pertinent to any of City Barbeque's allegations or claims for relief against these Defendants. Notably, there is no claim for trademark infringement alleged directly against Mr. N. Singh or Mr. Abatsas. Accordingly, the statements are extraneous and amount to matters that are "immaterial" and/or "impertinent." Fed. R. Civ. P. 12(f). City Barbeque respectfully requests that these statements, be stricken from the Answer, including Defendants' attached **Exhibit A** and **Exhibit B**.

To the extent that this Court construes Defendants' extraneous and improper statements as affirmative defenses, City Barbeque respectfully requests that the defenses be stricken on the basis that they fail to raise any legally justifiable affirmative defense. *See* Fed. R. Civ. P. 8(c) (listing possible affirmative defenses); *see also Blonder-Tongue Lab., Inc. v. University of Illinois Found.*, 402 U.S. 313, 350 (1971) (noting that the purpose of Rule 8(c) is to ensure that a plaintiff has adequate notice of affirmative defenses). When pleading affirmative defenses, a defendant must at least give the plaintiff "fair notice of the nature of the defense."[2] *GE Lighting Solutions, LLC v. Lights of America, Inc.*, No. 1:12-cv-3131, 2013 WL 1874855, at *3 (N.D. Ohio May 3, 2013).

Defendants made several general statements that could be construed as affirmative defenses. If the Court treats these statements as affirmative defenses, then these statements should

---

[2] The 6th Circuit has yet to definitively rule on whether the heightened pleading standards under *Twombly* and *Iqbal* apply to affirmative defenses, and district courts have been divided on the issue. *Compare HCRI Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) (applying the heightened pleading standard to affirmative defenses), *with GE Lighting Solutions, LLC*, 2013 WL 1874855, at *3-4 (declining to apply the heightened pleading standard to affirmative defenses stating "[b]ecause an affirmative defense may be pleaded in general terms, it will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense." (internal quotation marks omitted)), *and Lindenbaum*, 2021 WL 3036505, at *3 (holding that *Twombly* and *Iqbal* pleading requirements do not apply to affirmative defenses, but affirmative defenses must at least provide "'fair notice of the nature of the defense.'").

be stricken because they fail to put City Barbeque on fair notice of the nature of Defendants' defenses.

First, Defendants purportedly allege that City Barbeque somehow acted in bad faith by bringing this action in an attempt to impose undue expense on Defendants. *See* Answer at p. 2 ("Plaintiffs…[sic] filed a large amount of allegations and statements knowing the cost of counsel would be extreme to be represented in federal court."). Next, Defendants seem to suggest that City Barbeque's action has somehow caused them "mental stress." *Id.* at p. 3 ("We feel that the harassment we have dealt with by City Barbeque could warrant us a counter suit for mental stress caused by these actions.").

These bald assertions point to no legal theory on which Defendants could possibly base an affirmative defense. The simple act of filing a trademark infringement lawsuit cannot itself constitute a legally cognizable affirmative defense. *See Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 386 F.Supp.3d 926, 956-57 (N.D. Ill. 2019) (striking affirmative defense of unclean hands because the "act of bringing the lawsuit is not the subject matter concerning which plaintiff seeks relief.") (quoting 6 McCarthy on Trademarks § 31:51 (5th ed. 2019)); *Coach, Inc. v. Kmart Corporations*, 756 F.Supp.2d 421, 429 (S.D.N.Y. 2010) ("Filing a trademark…infringement lawsuit, therefore, cannot be a basis of an unclean hands defense to that lawsuit because any bad faith or inequitable conduct in filing the lawsuit is unrelated to the plaintiff's acquisition or use of the trademark…rights.").

Defendants seem to argue that since there are several entities across the nation that are supposedly also violating City Barbeque's trademark rights, and City Barbeque has done nothing about it, then that means that City Barbeque is barred from bringing claims against these Defendants. *See* Answer at p. 3 ("City Barbeque states that the trademark name is nationally

7

registered we have enclosed ***Exhibit A*** and ***Exhibit B*** a list of just a few locations with name City BBQ why come after us and not these other establishments [sic]."). It is unclear what Defendants are actually arguing with these statements, but the statements may be construed as some sort of waiver, estoppel, laches, abandonment, or unclean hands defense that prevents City Barbeque from enforcing its trademark rights and bringing defamation and conspiracy claims against Defendants. Since it is entirely unclear what argument Defendants are making, these statements fail to give City Barbeque fair notice of the legal grounds on which Defendants base their purported affirmative defense, and the statements should be stricken on that basis alone.

Without knowing exactly what Defendants are planning to argue, the case law is clear that an infringer cannot avoid a claim for trademark infringement (and again no such claim has been levied against these individual defendants) based on plaintiff's alleged selective enforcement. Federal courts have long recognized that a trademark owner has no obligation to immediately sue all infringers all at once. Accordingly, Defendants' statements that could be construed as a defense of selective enforcement should be stricken. *See Car-Freshener Corp. v. Just Funky, LLC*, No. 5:19-cv-0289, 2019 WL 6270991, *7 (N.D.N.Y. Nov. 25, 2019) (striking affirmative defense alleging that the trademark owner was guilty of unclean hands for selectively enforcing its rights against some infringers but not others); *R & R Partners, Inc. v. Tovar*, 447 F. Supp. 2d 1141 (D. Nev. Aug. 10, 2006) ("Nothing regarding the choice to pursue an action against [these particular] Defendants shows that [plaintiff] itself has deceived customers."); *Cuban Cigar Brands N. V. v. Upmann Intern., Inc.*, 457 F. Supp. 1090, 1097 (S.D.N.Y. 1978), aff'd, 607 F.2d 995 (2d Cir. 1979) (finding of no laches defense because "[a] trademark owner is not bound to take on more than one infringer at a time"); *Coach, Inc.*, 756 F.Supp.2d at 428 (striking the defense of "waiver" because there was no indication or allegation that plaintiffs intentionally waived any rights).

City Barbeque did not even allege trademark infringement against these particular Defendants. First Amended Complaint at ¶¶ 102-149. City Barbeque only alleged trademark infringement against corporate defendant Ohio City BBQ, Inc. (Counts I and II). City Barbeque obtained a judgment against Ohio City BBQ, Inc. for trademark infringement because Ohio City BBQ, Inc. failed to appear and defend this lawsuit. Default Judgment [ECF No. 28]. Accordingly, City Barbeque's alleged selective trademark enforcement is not relevant to Defendants' liability for unfair competition, defamation, and civil conspiracy. *See* First Amended Complaint at ¶¶ 150-228 (Counts III-VII).

Each of the above-described statements and allegations are entirely conclusory and fail to put City Barbeque on sufficient notice of the nature of any supposed affirmative defense or the legal basis therefor. The statements can either be characterized or construed as extraneous and improper statements contained in the Answer, or as affirmative defenses. Either way, each statement in the Answer made after responding directly to the First Amended Complaint should not be left to linger on the docket absent an articulated and legally sufficient basis therefor.

**B. Any and All Counterclaims Contained in the Answer Should Be Dismissed.**

To the extent this Court construes the immaterial and improper statements described above as counterclaims, City Barbeque respectfully requests that they be dismissed under Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a claim for relief must comply with Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To meet the requirements of Rule 8(a)(2), the complaint must (1) describe the claim in sufficient detail to give the defendant "fair notice of what the … claim is and the grounds upon which is rests"; and (2) its factual allegations must be sufficient to raise the possibility of relief above the

"speculative level." *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

Defendants made several statements that do not directly respond to City Barbeque's First Amended Complaint. First, it is possible to construe Defendants' extraneous statements as counterclaims for City Barbeque allegedly failing to enforce its trademark rights against unrelated third-party entities in different states. *See* Answer at p. 3, **Exhibit A** and **Exhibit B** ("…why come after us and not these other establishments." [sic]). Alleged trademark infringement by unrelated third parties cannot give rise to a claim for relief for these particular Defendants because City Barbeque did not allege trademark infringement against them. Even if these Defendants could raise such a counterclaim, Defendants cannot avoid a trademark infringement claim based on the purported failure of the Plaintiff to sue other possible infringers. *Navajo Nation v. Urban Outfitters, Inc.*, 212 F. Supp. 3d 1098, 1105 (D.N.M. 2016) ("Obviously, a trademark holder is not required to sue every possible infringer immediately upon hearing of a possible infringement."); *Wallpaper Mfrs., Ltd. v. Crown Wallcovering Corp.*, 680 F.2d 755, 765 (C.C.P.A. 1982) ("[A trademark] owner is not required to act immediately against every possibly infringing use to avoid a holding of abandonment. … Such a requirement would unnecessarily clutter the courts.").

Defendants also stated that "the harassment [they] have dealt with by City Barbeque could warrant us a counter suit for mental stress caused by these actions." Answer at p. 2. Assuming Defendants intended these statements to amount to counterclaims, such statements do not meet the requirements of Rule 8 and do not meet the federal pleading standard to give rise to a claim for relief. *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Nor do these statements put City Barbeque on notice of any legally recognized claim for relief.

10

Intentional or reckless infliction of emotional distress is a tort recognized by Ohio law, but to get beyond the pleading stage, a successful claimant must allege the following elements: (1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of the plaintiff's serious emotional distress. *Fitzgerald v. Roadway Express, Inc.*, 262 F.Supp.2d 849, 858 (N.D. Ohio 2003); *Ondo v. City of Cleveland*, 795 F.3d 597 (6th Cir. 2015). Defendants failed to plead the elements necessary to survive a Rule 12(b)(6) motion, and the purported counterclaims should be dismissed on that basis alone.

But Defendants fail to recognize that their supposed claims fail as a matter of law. A claimant cannot succeed on an intentional infliction of emotional distress claim when the alleged tortfeasor "has done no more than to insist upon his legal rights in a permissible way, even though he was well aware that such insistence was certain to cause emotional distress." *Fitzgerald*, 262 F.Supp.2d at 859 (quoting *DeCoe v. General Motors Corp.*, 32 F.3d 212, 219 (6th Cir. 1994)). That is exactly what happened here. City Barbeque merely sought to enforce its legally protected trademark rights by filing the Complaint against a corporate defendant. Then, Defendants' behavior subsequent to the filing of the Complaint gave rise to additional causes of action against them individually. Defendants brought themselves into this lawsuit with their concerted scheme to defame City Barbeque. These Defendants are being called to answer for their individual actions and behavior. *See* First Amended Complaint at ¶¶ 155, 160, 175-184, 187-228. Even if Defendants' dubious claims of "mental stress" were true, the claims must be dismissed because City Barbeque is doing no more than trying to enforce its legally protected trademark rights and its rights against illegal actions taken by the Defendants.

11

Defendants' extraneous statements do not provide facts sufficient to put City Barbeque on notice concerning what the claim is or what relief is being requested, nor do the statements present a legally sufficient basis upon which relief may be granted. To the extent Defendants seek affirmative counterclaims against City Barbeque, City Barbeque respectfully requests that any such counterclaim be dismissed under Rule 12(b)(6).

### C. The Answer Should be Stricken as to Defendant Abatsas.

City Barbeque filed its First Amended Complaint on July 8, 2021. First Amended Complaint [ECF No. 7]. City Barbeque perfected service of its First Amended Complaint on Defendant Chris Abatsas on August 14, 2021. Proof of Service [ECF No. 24]. Thus, Abatsas had until September 7, 2021 to answer or otherwise respond. Fed R. Civ. P. 12(a). Upon City Barbeque's request, the Clerk of Court entered Default against Abatsas on September 10, 2021. Entry of Default [ECF No. 30]. Abatsas filed his Answer to the First Amended Complaint after the time allowed by law, after entry of a Default against him, and without seeking leave of Court to set aside the Default and permit him to answer.

Fed. R. Civ. P. 12(f) empowers a court to strike a defendant's answer when it is filed outside the period mandated in Rule 12(a). Fed. R. Civ. P. 6(b) empowers a court, for good cause shown, to extend the time to respond after it has expired if the party failed to act because of excusable neglect. Defendant Abatsas, rather than seeking leave, filed his Answer out of time without attempting to make any showing as to good cause or excusable neglect. Accordingly, City Barbeque respectfully requests that the Answer be stricken as to Defendant Abatsas.

### III. CONCLUSION

City Barbeque understands that Defendants Abatsas and N. Singh are representing themselves *pro se*. However, the Rules of Civil Procedure are clear and in plain English.

Defendants failed to adhere to the Rules when they filed their Answer. Accordingly, City Barbeque respectfully requests that this Court enter an order for the following:

1. Striking improper, immaterial, and extraneous statements made in Defendants' Answer, including **Exhibit A** and **Exhibit B** attached thereto;

2. Striking any statement contained in the Answer construed or characterized as an affirmative defense;

3. Granting City Barbeque's Motion to Dismiss any purported counterclaim under Rule 12(b)(6);

4. Striking the following statements made in Defendants' Answer:

   > Plaintiffs have unlimited financial resources and have purposely filed a large amount of allegations and statements knowing the cost of counsel would be extreme to be represented in federal court. After many attempts to seek counsel has failed due to the fact it would put Ohio City BBQ out of business [sic]. This is a classic David versus Goliath. We ask that this Honorable Court allow us to have a chance to defend ourselves and allow us some leeway due to the fact that we are not practicing attorneys. We feel that the harassment we have dealt with by City Barbeque could warrant us a counter suit for mental stress caused by these actions. We do not seek any financial gain due to these actions.
   >
   > * * *
   >
   > City Barbeque states that the trademark name is nationally registered we have enclosed ***Exhibit A*** and ***Exhibit B*** a list of just a few locations with name City BBQ why come after us and not these other establishments. [sic];

   and

5. Striking the Answer as to Defendant Abatsas that was filed out of time and without leave of Court.

Respectfully submitted,

*/s/ Roger A. Gilcrest*
Roger A. Gilcrest (0019663)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, Ohio 43215-7509
(614) 462-1055
Roger.Gilcrest@icemiller.com

13

>Holiday W. Banta, *pro hac vice*
>Jessa DeGroote, *pro hac vice*
>ICE MILLER LLP
>One American Square, Suite 2900
>Indianapolis, IN 46282
>(317) 236-2100
>H.Banta@icemiller.com
>Jessa.DeGroote@icemiller.com
>
>*Attorneys for Plaintiff City Barbeque, LLC*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing complies with the page limitations set forth in Local Rule 7.1(f) for cases assigned to the standard track.

*/s/ Roger A. Gilcrest*
Roger A. Gilcrest (0019663)

*Attorney for Plaintiff City Barbeque, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel and *pro se* participants by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

I further certify that on October 3, 2021, a copy of the foregoing was deposited in regular U.S. Mail, postage prepaid, addressed to the following:

>Ohio City BBQ, Inc.
>c/o Navdip Singh
>3829 Lorain Avenue
>Cleveland, OH  44133
>
>Navdip Singh
>2136 Tucks Trak
>Cleveland, OH  44102
>
>Tarnjit Singh
>2412 Tennis Lane
>Tracy, California  95377
>
>Chris Abatsas
>39301 Colorado Avenue
>Avon, OH  44011
>
>Tammy Jacobs
>14207 Parkdale Avenue
>Cleveland, OH  44111

>>*/s/ Roger A. Gilcrest*
>>Roger A. Gilcrest (0019663)
>>
>>*Attorney for Plaintiff City Barbeque, LLC*