UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| CITY BARBEQUE, LLC, | : | CASE NO. 1:21-cv-01016 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 37] |
| v. | : | |
| | : | |
| OHIO CITY BBQ, INC. et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff City Barbeque sues Ohio City Barbeque, four Ohio City Barbeque employees, and one online reviewer (collectively, "Defendants") for trademark infringement, unfair competition, defamation, and conspiracy to commit defamation.[1] Individual defendants Navdip Singh and Chris Abatsas answered.[2]

Plaintiff now moves to strike portions of the answer, to dismiss any counterclaims contained in the answer, and to strike Defendant Abatsas's answer as untimely.[3]

In deciding whether to strike portions of the answer, the Court must determine whether parts of the answer include "redundant, immaterial, impertinent, or scandalous matter."[4] Further, the Court must determine—to the extent that Defendants intended statements in their answer as counterclaims—whether such counterclaims meet the pleading requirements of Rule 8.[5] Finally, the Court must determine whether good cause

---

[1] Doc. 7. Individual defendants include Navdip Singh, Tarnjit Singh, Chris Abatsas, Tammy Jacobs, and John Doe (Yelp User "Josh M.").
[2] Doc. 31.
[3] Doc. 37.
[4] Fed. R. Civ. P. 12(f).
[5] Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a)(2).

Case No. 1:21-cv-01016
GWIN, J.

exists to set aside the entry of default against Defendant Abatsas.[6]

For the following reasons, the Court **DENIES** the motion to strike portions of the answer, **GRANTS** without prejudice the motion to dismiss any counterclaims contained in the answer, and **DENIES** the motion to strike the answer as to Defendant Abatsas. The Court further **ORDERS** the entry of default against Defendant Abatsas be set aside and **GRANTS** Defendant Abatsas leave to re-file the answer if he seeks to file a counterclaim.

## I. Background

Plaintiff City Barbeque operates restaurants throughout the Midwest, including in the Cleveland, Ohio area.[7] Plaintiff owns the trade name, trademark, and service mark CITY BARBEQUE® which Plaintiff uses in connection with its restaurants.[8]

In this lawsuit, Plaintiff alleges that in or around March 2018, Defendant Ohio City Barbeque opened a restaurant in Cleveland, Ohio and used a similar mark to Plaintiff's.[9] After Plaintiff filed the current lawsuit, Defendants allegedly coordinated an online campaign to defame Plaintiff City Barbeque.[10]

On August 14, 2021, Plaintiff served its amended complaint on Defendant Chris Abatsas.[11] Defendant Abatsas's responsive pleading was due on or before September 7, 2021.[12] Abatsas failed to timely file a responsive pleading by that date and the Clerk of Court entered default against him on September 10, 2021.[13] On that same day, Defendants Navdip Singh and Chris Abatsas filed a joint answer responding to the amended complaint.[14]

---

[6] Fed. R. Civ. P. 55(c).
[7] Doc. 7 at 1.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 2. This alleged online abuse prompted Plaintiff to amend its complaint on July 8, 2021.
[11] Docs. 24; 24-1.
[12] *See* Fed. R. Civ. P. 12(a)(1)(A)(i). The Labor Day holiday was observed on Monday, September 6, 2021.
[13] Doc. 30.
[14] Doc. 31.

Case No. 1:21-cv-01016
GWIN, J.

Plaintiff now moves to strike portions of the answer, to dismiss any counterclaims contained in the answer, and to strike the answer as untimely and not properly served.[15]

## II. Motion to Strike Portions of the Answer.

Plaintiff moves to strike portions of Defendants' answer.[16] Plaintiff alleges that Defendants make statements that do not respond to amended complaint allegations. Plaintiff says these answer statements are not proper counterclaims or affirmative defenses. Accordingly, Plaintiff argues these statements are extraneous, "immaterial" and "impertinent" under Rule 12(f).

On its own or on a party's motion, the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[17] Motions to strike, however, "are disfavored and granted only where the allegations are clearly immaterial to the controversy or would prejudice the movant."[18]

After Defendants respond directly to the allegations in Plaintiff's amended complaint, Defendants go on to state:

> Plaintiffs have unlimited financial resources and have purposely filed a large amount of allegations and statements knowing the cost of counsel would be extreme to be represented in federal court. After many attempts to seek counsel has failed due to the fact it would put Ohio City BBQ out of business [sic]. This is a classic David versus Goliath. We ask that this Honorable Court allow us to have a chance to defend ourselves and allow us some leeway due to the fact that we are not practicing attorneys. We feel that the harassment we have dealt with by City Barbeque could warrant us a counter suit for mental stress caused by these actions [sic]. We do not seek any financial gain due to these actions.
> . . .

---

[15] Doc. 37.
[16] *Id.* at 4–9.
[17] Fed. R. Civ. P. 12(f).
[18] *Frisby v. Keith D. Weiner & Assocs. Co., LPA*, 669 F. Supp. 2d 863, 865 (N.D. Ohio 2009) (internal citations omitted). *See also* 5C Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1382 (3d ed. 2021) ("[T]here appears to be general judicial agreement . . . that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.").

Case No. 1:21-cv-01016
GWIN, J.

> City Barbeque states that the trademark name is nationally registered we have enclosed *Exhibit A* and *Exhibit B* a list of just a few locations with name City BBQ why come after us and not these other establishments [sic].[19]

These statements are not sufficiently "redundant, immaterial, impertinent, or scandalous" to justify striking under Rule 12(f).[20] Further, Defendants are proceeding *pro se* and their filings are to be liberally construed.[21] The statements relate to the claims included in the amended complaint and to Defendants' financial ability to fight this case. In addition, including them does not prejudice the Plaintiff.

Plaintiff's motion to strike the above portions of Defendants' answer is denied.

### III. Motion to Dismiss Counterclaims.

To the extent that Defendants intended the above statements to serve as counterclaims, Plaintiff moves to dismiss those counterclaims for failure to state a claim.[22]

To survive a Rule 12(b)(6) motion to dismiss, a claim must comply with Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief."[23] The pleading must (1) describe the claim in sufficient detail to give the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests," and (2) its factual allegations must be sufficient to raise the possibility of relief above the "speculative level."[24]

Defendants made two statements that could be construed as counterclaims: (1) "We feel that the harassment we have dealt with by City Barbeque could warrant us a counter suit for mental stress caused by these actions," and (2) "City Barbeque states that the

---

[19] Doc. 31 at 2–3.
[20] Fed. R. Civ. P. 12(f).
[21] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).
[22] Doc. 37 at 9–12.
[23] Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a)(2).
[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

Case No. 1:21-cv-01016
GWIN, J.

trademark name is nationally registered we have enclosed *Exhibit A* and *Exhibit B* a list of just a few locations with name City BBQ why come after us and not these other establishments [sic]."[25] It is possible to construe those statements as counterclaims against Plaintiff for, respectively, intentional or reckless infliction of emotional distress, and failing to enforce its trademark rights against third-party entities with similar names.

It is unclear whether Defendants intended the above statements to make counterclaims. If that was their intention, however, then as currently pled, these statements do not meet the requirements under Rule 8(a)(2). Therefore, the Court dismisses those counterclaims without prejudice.[26]

### IV. Motion to Strike Answer as to Defendant Abatsas.

After Defendant Abatsas failed to timely file a responsive pleading, on September 10, 2021, the Clerk of Court entered default against him.[27] On that same day, Defendant Abatsas filed an answer.[28] Plaintiff now moves to strike Defendant Abatsas's answer for failure to timely file and serve it.[29]

A court may set aside an entry of default for "good cause" pursuant to Rule 55(c).[30] To determine whether a party has shown "good cause" to set aside an entry of default, the court must consider: (1) whether the plaintiff will suffer prejudice, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's culpable conduct led to the default.[31] Delay alone is not a sufficient basis for establishing prejudice.[32] Instead, the delay

---

[25] Doc. 31 at 3.
[26] Defendants may later file properly pled counterclaims if they seek to file claims against Plaintiff.
[27] Doc. 30.
[28] Doc. 31.
[29] Doc. 37 at 12.
[30] Fed. R. Civ. P. 55(c).
[31] *Waifersong, Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (internal citation omitted).
[32] *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (internal quotation omitted).

Case No. 1:21-cv-01016
GWIN, J.

must cause "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[33] Further, to be treated as culpable, the defendant's conduct must "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings."[34]

Good cause exists to set aside the Abatsas default. Given the early stage of the proceedings and the fact that Defendant Abatsas filed his answer on the same day default was entered, Plaintiff will not suffer prejudice from setting aside the default entry. Further, Defendant Abatsas' conduct cannot be considered culpable. His answer suggests that any delay in filing a responsive pleading was the result of failed attempts to retain counsel and the need to proceed *pro se*.[35]

The Federal Rules of Civil Procedure make clear that they "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action."[36] The just determination of this case requires this Court to set aside the entry of default against Defendant Abatsas and to give Defendant Abatsas leave to re-file the answer if Abatsas seeks to file a counterclaim.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to strike portions of the answer, **GRANTS** without prejudice the motion to dismiss any counterclaims contained in the answer, and **DENIES** the motion to strike the answer as to Defendant Abatsas. The Court further **ORDERS** the entry of default against Defendant Abatsas be set aside and **GRANTS**

---

[33] *Id.*
[34] *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).
[35] *See* Doc. 31 at 2–3 ("After many attempts to seek counsel has failed . . . We ask that this Honorable Court allow us to have a chance to defend ourselves and allow us some leeway due to the fact that we are not promising attorneys.").
[36] Fed. R. Civ. P. 1.

Case No. 1:21-cv-01016
GWIN, J.

Defendant Abatsas leave to re-file the answer if Abatsas seeks to file a counterclaim.

> IT IS SO ORDERED.

Dated: November 16, 2021               *s/     James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE